CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD BROWN, | ) | CASE NO. 7:14CV00707 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| PATRICIA SCARBERRY, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Bernard Brown, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against prison food service personnel for injuries he suffered from biting on a piece of metal in his beans. Brown has also filed a motion to amend his complaint to revise his demand for relief. The court will grant the amendment, but finds that the complaint as amended must be summarily dismissed.

## Background

Brown is incarcerated at Red Onion State Prison. He alleges that as he started to eat the beans served with his lunch meal on June 17, 2014, he bit down on a piece of metal and broke a tooth. Brown immediately told an officer about the incident and gave back his meal tray. Food Service Director P. Scarberry took the tray, examined the metal object, and told Brown that the "'metal' came from a bad can opener. 'She knew there could be an injury' risk." (Compl. 3.) Brown showed Scarberry his teeth, and she said, "I am sorry this happen[ed] to you. The can openers are bad but they [are] all I got." (Id.) She allegedly told Brown that she had seen pieces of metal "get[ ] in the food from these bad, defective can openers," but that the prison could not afford to buy new ones. (Id.) She warned him to watch out for metal bits from the can openers

in the peanut butter, tuna, beans, [and] jelly," so he could take them out. (Id.) Scarberry did not offer to give Brown a replacement meal tray.

Brown filed an emergency grievance seeking treatment for his broken tooth. Later that same day, a nurse examined him, placed him on the list to see the dentist, and provided pain medication, which he continued to receive until he saw the dentist a month later. The dentist coated the tooth with gel to decrease sensitivity, but told Brown that if this solution did not help, he would probably need to remove the tooth.

Brown also alleges that on two occasions in June and July 2014, when the officer serving his meal removed the tray top, he found an insect on Brown's food. Brown complains that the tray tops are cracked and should be replaced.

In his § 1983 complaint, Brown sues Scarberry and R. Brock, her assistant, because they were in charge of the kitchen the day Brown's beans had metal in them. He seeks monetary damages and a transfer.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, Brown must show that each of the defendant prison officials acted with deliberate

2

indifference–that they knew a particular prison condition presented a <u>substantial</u> risk of <u>serious</u> harm and nevertheless failed to take "reasonable measures" to alleviate that risk. <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-37 (1994). Plaintiff must also show that he suffered a serious injury from the unsafe condition. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

Brown does not allege suffering any injury whatsoever from finding an insect on his food tray on two occasions. Therefore, he has no constitutional claim concerning these incidents or the cracked tray tops. <u>Id.</u>

As for the broken tooth, he states no Eighth Amendment claim concerning this injury, because he fails to allege facts demonstrating that the defendants were deliberately indifferent to a significant risk of serious harm. Nothing in Brown's submissions suggests that either of the defendants knew before Brown's injury that the metal bits emitted by the defective can openers posed a "substantial" risk of serious harm to anyone. Thus, defendants' failure to remove the can opener presents merely a claim of negligence and does not support a finding that anyone knowingly failed to alleviate a significant risk of serious harm.[1] <u>Farmer</u>, 511 U.S. at 835-37. <u>See also</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

---

[1] This lawsuit is the second § 1983 action that Brown has filed in this court about the same incident. <u>Brown v. Scarberry</u>, Case No. 7:14CV00466 (W.D. Va. 2014) (dismissed without prejudice under § 1915A(b)(1) for failure to state claim). Brown is hereby notified that any future lawsuit in this court attempting to raise § 1983 claims about this incident may be summarily dismissed under 28 U.S.C. § 1915A(b)(1) as malicious, since he has now been notified two times that his claims have no constitutional significance. To the extent that Brown may be seeking to bring claims of negligence against the prison for his dental injuries, such claims arise, if at all, under state law. Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's state law claims are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. <u>See</u> 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

3

Case 7:14-cv-00707-PMS   Document 10   Filed 01/26/15   Page 3 of 4   Pageid#: 36

## Conclusion

For the reasons stated, the court must dismiss Brown's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The court also dismisses without prejudice, pursuant to § 1367(c), any related state law claim that Brown may be attempting to raise. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of January, 2015.

/s/ Glen Conrad
Chief United States District Judge