IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD BROWN, | ) | CASE NO. 7:14CV00707 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| PATRICIA SCARBERRY, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Bernard Brown, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Patricia Scarberry, the food services director at Red Onion State Prison, in her individual capacity. Brown alleged that in June 2014, he bit down on a piece of metal in prison food, permanently injuring his tooth, and Scarberry admitted the metal likely came from a defective can opener. The matter is currently before the court on Scarberry's motion for summary judgment and Brown's reply brief. Finding genuine issues of material fact in dispute, the court will deny Scarberry's motion and set the case for a jury trial.

### Background

In his verified complaint, Brown stated that on June 17, 2014, while eating his lunch meal, he "bit down on a metal object in the beans that come from the kitchen prepared by food service." (Compl. 2, ECF No. 1.) He stated that Scarberry took the tray, examined the metal object, and told Brown that "'metal' came from a bad can opener. 'She knew there could be an injury' risk." (Compl. 3.)

Brown later showed Scarberry his teeth, and she allegedly said, "I am sorry this happen[ed] to you. The can openers are bad but they [are] all I got." (Id.) She allegedly told Brown,

> I use the only two can openers I have and . . . they are bad. . . . I know 'metal' gets in the food from these bad, defective can openers. I have seen it in the peanut butter, tuna, beans, [and] jelly cans when open a lot. . . . I look for the metal and take it out when I see it. . . . Of course all is not seen as this piece that broke your tooth. . . . I can't buy new can openers. . . . I can't go over budget.

(Id.) Scarberry allegedly did not offer Brown a replacement meal tray.

Brown sought immediate treatment for his broken tooth and was provided pain medication until he saw the dentist a month later. The dentist coated the tooth with gel to decrease sensitivity, but allegedly told Brown that if this solution did not help, he would probably need to remove the tooth. Brown also alleges that he had previously broken a tooth from biting into a bit of metal in his Red Onion food tray in 2007 and, in June and July 2014, he had filed written complaints of finding insects in food trays.

Brown raised these allegations in this § 1983 action and in a previous case (No. 7:14CV00466). The court summarily dismissed the actions without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and Brown appealed. The United States Court of Appeals for the Fourth Circuit vacated the dismissal order in this more recent case as to Brown's Eighth Amendment claim against Scarberry and remanded that claim for further proceedings. Brown v. Brock, 632 F. App'x 744 (4th Cir. 2015). Specifically, the Court stated: "Construing Brown's claims of Scarberry's prior knowledge and repetition of the incidents liberally, we conclude that he has alleged sufficient deliberate indifference to require a response from Scarberry."[1] Id. at 746.

Scarberry's summary judgment motion presents a version of events quite different from Brown's account. She states:

---

[1] In Brown's responses to Scarberry's motion, he reasserts allegations against Scarberry's assistant, Mr. Brock, and complains that problems with food sanitation at Red Onion hamper his ability to adhere to his religious dietary beliefs. The Fourth Circuit, however, did not find sufficient facts to warrant remand of Brown's attempted claim of deliberate indifference against Brock, and the Court did not even recognize any attempted claim related to Brown's religious beliefs. Thus, these issues are not properly before the court.

2

> After being shown the piece of metal which Brown claimed he found in his meal [on June 17, 2014], I determined that it did not come from the kitchen.
>
> The metal piece Brown claimed to have found in his meal was a small copper wire that looked like something that might have been stripped from a television or other electronic equipment.
>
> I advised Brown that the only metal that hypothetically could have come from the kitchen would have been silver shavings from a defective can opener. However, I was merely explaining to Brown that there was no possibility that the type of metal he showed me came from the kitchen because it is not the type of metal used in food preparation. I have no knowledge that a defective can opener is being used, has caused, or could cause metal to be present in inmate's food. If I suspected that such a problem existed, it would be reported and addressed immediately.
>
> Brown showed me his tooth, but I saw no indication that it had been broken. . . .
>
> Brown was promptly provided a replacement food tray and I received no other complaints from the offender population that day regarding pieces of metal in the food.

(Scarberry Affid. ¶¶ 5-9, ECF No. 31-1.) At the time of the incident, in her written response to Brown's informal complaint about his broken tooth, Scarberry gave a similar account—denying that the metal bit could have come from the kitchen for the same reasons now stated in her affidavit. (Id. Encl. A.)

## Discussion

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Finally, in reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004). Detailed factual

allegations in a verified, pro se complaint may be sufficient to withstand a motion for summary judgment with supporting affidavits containing a conflicting version of the facts. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.") (citation omitted).

The Fourth Circuit stated the applicable standards for a claim of unconstitutional prison living conditions:

> The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on prisoners, including the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citations omitted). To succeed on an Eighth Amendment claim, a prisoner must show that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . .[the]injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008). Allegations of unsanitary food service facilities are sufficient to state a cognizable constitutional claim, see Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978), so long as the deprivation is serious and the defendant is deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294, 297-302 (1991). A single incident of finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected; however, evidence of frequent or regular injurious incidents of foreign objects in food raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation. Green v. Atkinson, 623 F.3d 278, 280-81 (5th Cir. 2010).

Brown, 632 F. App'x at 746-47.

To prove Scarberry acted with deliberate indifference, Brown must show that she was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also dr[e]w the inference," and that she responded unreasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). Brown must also show that he suffered a serious injury from the unsafe condition. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). In her defense, Scarberry may present facts showing that she "did not know of the underlying facts indicating a sufficiently substantial danger and that [she was] therefore unaware

4

of a danger, or that [she] knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844.

Scarberry argues that any dispute between the parties' accounts is not genuine. Brown's administrative remedy forms about the incident do not mention a defective can opener, while Scarberry's written response to his informal complaint mentioned a can opener only as a hypothetical scenario that might cause a metal shaving to end up in a prisoner's food. Scarberry contends that Brown's current allegations of deliberate indifference are based on his twisting of her written explanation. This argument is, at most, a challenge to Brown's credibility. The court cannot resolve issues of credibility at this stage in the proceedings. Williams, 372 F.3d at 667.

Taking the evidence as a whole in the light most favorable to Brown, the court finds disputes that are both material and genuine. Brown has stated that Scarberry verbally admitted the metal in his beans likely came from a defective can opener she could not afford to replace. He has argued that her written response on the informal complaint verified her verbal admission by showing her awareness of possible problems with can openers. He complains that Scarberry had the entire food tray and the piece of metal dumped in the trash, so she could later claim that the metal shard was a copper wire that could not have come from the kitchen. He argues that the piece of metal that broke his tooth was copper-colored only because it was covered in bean juice. Finally, he has stated that biting the metal object in his beans broke his tooth, and he presents dental records to corroborate his allegations that the injury to his tooth was permanent and painful.

5

Thus finding genuine issues of material fact in dispute, the court will deny Scarberry's motion for summary judgment and direct the clerk to set the matter for a jury trial. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of July, 2016.

/s/ Glen Conrad
Chief United States District Judge